# EXHIBIT A-1

FILED
TARRANT COUNTY
7/28/2025 4:10 PM
THOMAS A. WILDER
DISTRICT CLERK

348-367089-25
**CAUSE NO. ______________________**

| | | |
|---|---|---|
| **RICKEY GRANT and HILDA GRANT** *Plaintiffs*, | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| **v.** | § | **______ JUDICIAL DISTRICT** |
| | § | |
| **COSTCO WHOLESALE CORPORATION,** | § | |
| | § | |
| ***Defendant.*** | § | **TARRANT COUNTY, TEXAS** |

---

**PLAINTIFFS' ORIGINAL PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Plaintiffs **RICKEY GRANT** ("Mr. Grant") **and HILDA GRANT** ("Mrs. Grant" and referred to collectively with Mr. Grant as, "Plaintiffs") in the above-styled and numbered cause, and files this its Plaintiffs' Original Petition (the "Petition") against Defendant **COSTCO WHOLESALE CORPORATION** ("Defendant") and in support thereof would respectfully show the Honorable Court as follows:

**I.**
**DISCOVERY**

1.1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs request that discovery in this case be conducted under a level 3 discovery control plan tailored to the circumstances of this specific suit.

**II.**
**RULE 47 STATEMENT**

2.1. Pursuant to Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $250,000 but less than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

2.2. The damages Plaintiffs seek are within the jurisdictional limits of this Court.

## III.
## PARTIES

3.1. Plaintiffs are residents of East Baton Rouge Parish, Louisiana.

3.2. Defendant is a Foreign For-Profit Corporation company doing business in the State of Texas and may be served at its registered agent, CT Corporation System's address, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3.3. Plaintiffs and Defendant may hereinafter also be referred to individually as a "Party" or collectively as the "Parties".

## IV.
## JURISDICTION AND VENUE

4.1. This Court has subject matter jurisdiction over this matter because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

4.2. This Court has personal jurisdiction over Defendant because Defendant regularly does business and is registered to conduct business in the State of Texas.

4.3. Venue of this action is appropriate in Tarrant County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## V.
## FACTUAL BACKGROUND

5.1. On or about July 30, 2023, Mr. Grant, an invitee at Defendant's premises, Costco Wholesale, located at 8900 Tehama Ridge Pkwy, Fort Worth, Texas 76177, was walking from the parking lot into the store when he tripped on an unreasonably dangerous hazard in the parking lot. See below photos of the hazard.




TIRE CENTER



5.2. The hazard which caused Mr. Grant to fall, was a damaged portion of the parking lot that was owned and operated by Defendant. The parking lot was the designated lot for customers of Defendant to utilize in the furtherance of their business.

5.3. As a direct result of Defendant's negligence in failing to warn or make known the hazard in the parking lot, Mr. Grant suffered severe bodily injuries that have caused and continue to cause pain and create undue hardship in the lives of Mr. Grant and Mrs. Grant, including household and financial support.

## VI.
## PREMISES LIABILITY

6.1. Plaintiffs re-allege and incorporates the facts and allegations set forth above in Paragraph V. as if set forth fully at length in this Paragraph VI.

6.2. Defendant had the control necessary over the premises in question which provides that Defendant owed certain duties to Mr. Grant, the breach of which proximately caused the

injuries set forth herein.

6.3. Mr. Grant, a Costco member for over 10 years, was an "invitee" as classified under Texas law at the time of the incident in question. Mr. Grant entered Defendant's location at the invitation of Defendant for a purpose connected with the business of Defendant.

6.4. Defendant's employees and/or agents had control of the area where Mr. Grant was injured. Defendant, Defendant's employees and/or agents failed to maintain a safe environment by leaving the parking lot damaged near the entrance where Defendant knew customers would be walking and not providing any warning about the danger the damaged area of the parking lot presented.

6.5. Defendant had actual or constructive knowledge of the dangerous condition on the premises, specifically the damaged concrete in the parking lot.

6.6. This condition posed an unreasonable risk of harm to invitees like Mr. Grant who was entering the premises for a purpose connected with the business of Defendant.

6.7. Defendant breached its duty of care by failing to repair the damaged concrete and failing to provide a warning of the dangerous condition, whether through signage, employee instructions, and/or other methods.

## VII.
## RESPONDEAT SUPERIOR

7.1. Plaintiffs incorporate and re-allege all of the facts set forth in Paragraph V. above as if set forth fully at length in this Paragraph VII.

7.2. At all relevant times, Defendant's employees were acting in the scope of their employment with Defendant.

7.3. Defendant is liable for the negligent conduct of its employees, including:

a. Failing to maintain a safe premises for visitors or customers,

including maintaining the parking lot where those visitors or customers would be walking into the store;
b. Failing to provide adequate warnings of known dangers;
c. Failing to provide needed repairs;
d. Failing to use due and reasonable care to avoid creating the dangerous environment that caused Plaintiffs severe injuries and damages;
e. Failing to have appropriate safety procedures for its employees and agents to manage and organize potentially dangerous risks while customers are present, to prevent the sort of injuries sustained by Plaintiffs; and
f. Failing to properly train and supervise its employees and agents to refrain from creating unreasonable risks of harm and/or prevent such conditions from harming customers.

## VIII.
## DAMAGES

8.1 As a direct and proximate result of the incident made the basis of this lawsuit, Mr. Grant was caused to suffer physical injuries, and incur the following damages:

A. Reasonable and necessary medical care and expenses in the past;
B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
C. Physical pain and suffering in the past;
D. Physical pain and suffering in the future;
E. Physical impairment in the past;
F. Physical impairment in the future;
G. Mental anguish in the past;
H. Mental anguish in the future;
I. Lost wages;
J. Loss of earning capacity;
K. Out of pocket expenses and
L. Past and future disfigurement.

8.2 As a direct and proximate result of the incident made the basis of this lawsuit, Mrs. Grant was caused to suffer physical injuries, and incur the following damages:

M. Mental anguish in the past;
N. Mental anguish in the future;
O. Loss of consortium;
P. Loss of companionship; and
Q. Loss of household services.

## IX.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1 Plaintiffs would further show the Court that they are entitled to recover both pre-judgment and post-judgment interest at the highest rates permitted by Texas law on all sums awarded to Plaintiffs from Defendant.

## X.
## RULE 193.7 NOTICE

10.1 Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs give notice that any documents produced to Plaintiffs by Defendant in the course of discovery in this cause may be used at trial or in pretrial proceedings in this case.

10.2 Defendant is requested to provide notice of any objection to the authenticity of the documents produced by it, or any part thereof, and to state the specific basis for such objection, within ten (10) days after the later of: (1) service of this notice or (2) the production of the documents to Plaintiff.

10.3 Defendant is further noticed that the exhibits to this Petition may be used at trial or in pretrial proceedings in this case and Defendant is requested to provide notice of any objection to the authenticity of such documents within ten (10) days of the service hereof.

## XI.
## REQUEST FOR RELIEF

11.1 **WHEREFORE**, **PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein and that, upon final trial or other disposition of this action, Plaintiffs have and recover from Defendant the following:

a. Actual damages in the amount determined by the trier of fact;

b. Monetary relief in the amount determined by the trier of fact;

c. An award for all of Plaintiff's costs of court;

d. Pre-judgment interest and post-judgment interest on any and all damages awarded, until the judgment is paid in full; and

e. All other relief to which Plaintiffs may show themselves justly entitled, whether at law or in equity.

Respectfully submitted,

*/s/ Jaret R. Thurston*

Jaret R. Thurston, SBN 24137241
**BROWN PRUITT WAMBSGANSS**
**DEAN FORMAN & MOORE, P.C.**
201 Main Street, Suite 700
Fort Worth, Texas 76102
Tel: (817) 338-4888
Facsimile: (817) 338-0700
jthurston@brownpruitt.com

**ATTORNEY FOR PLAINTIFFS**
**RICKEY AND HILDA GRANT**

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served to all other parties in this cause in accordance with *Texas Rule of Civil Procedure* 21a on this the **28th** day of **July, 2025**.

/s/ *Jaret R. Thurston*
Jaret R. Thurston

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rebecca Menchaca on behalf of Jaret Thurston
Bar No. 24137241
rmenchaca@brownpruitt.com
Envelope ID: 103672983
Filing Code Description: Petition
Filing Description: Plaintiffs Original Petition
Status as of 7/28/2025 5:19 PM CST

Associated Case Party: Rickey Grant

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Jaret R.Thurston | | jthurston@brownpruitt.com | 7/28/2025 4:10:04 PM | SENT |
| Rebecca Menchaca | | rmenchaca@brownpruitt.com | 7/28/2025 4:10:04 PM | SENT |